UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LICETTE KRAMER,

    Plaintiff,

v.   Case No.: 9:21-cv-81130-DMM

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES, LLC,

    Defendant.
_____/

**DEFENDANT'S, THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, The Law Offices of Mitchell D. Bluhm & Associates, LLC (MBA), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Licette Kramer (plaintiff), and states:

**JURISDICTION AND VENUE**

1.     MBA denies the allegations in ¶ 1.

2.     MBA denies the allegations in ¶ 2 as calling for legal conclusion.

3.     MBA denies the allegations in ¶ 3.

4.     MBA denies the allegations in ¶ 4 as calling for legal conclusion.

**PARTIES**

5.     Upon information and belief, MBA admits the allegations in ¶ 5.

6. MBA admits it has a place of business in Sherman, Texas. Except as specifically admitted, MBA denies the allegations in ¶ 6.

## DEMAND FOR JURY TRIAL

7. MBA admits plaintiff purports to demand a jury trial, but denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, MBA denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. MBA admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, MBA denies the allegations in ¶ 8.

9. MBA denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. MBA denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. MBA denies the allegations in ¶ 11.

12. MBA admits part of its business is the collection of debts. Except as specifically admitted, MBA denies the allegations in ¶ 12.

13. MBA admits part of its business is the collection of debts owed to others. Except as specifically admitted, MBA denies the allegations in ¶ 13.

14. MBA admits the allegations in ¶ 14.

15. MBA admits the allegations in ¶ 15.

16. MBA admits the allegations in ¶ 16.

17. MBA admits the allegations in ¶ 17.

18. MBA denies the allegations in ¶ 18 as calling for a legal conclusion.

19. MBA denies the allegations in ¶ 19 as calling for a legal conclusion.

20. MBA denies the allegations in ¶ 20.

21. MBA denies the allegations in ¶ 21.

22. MBA denies the allegations in ¶ 22.

23. MBA denies the allegations in ¶ 23.

24. MBA denies the allegations in ¶ 24.

25. MBA denies the allegations in ¶ 25.

26. MBA denies the allegations in ¶ 26.

27. Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 27 state otherwise, denied.

28. MBA denies the allegations in ¶ 28.

29. MBA denies the allegations in ¶ 29.

30. MBA denies the allegations in ¶ 30.

31. MBA denies the allegations in ¶ 31.

32. MBA denies the allegations in ¶ 32.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

33. MBA reasserts the foregoing as if fully stated herein.

34. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 34 state otherwise, denied.

35. MBA denies the allegations in ¶ 35.

36. MBA denies the allegations in ¶ 36, including subparts (a) through (c).

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(5)

37. MBA reasserts the foregoing as if fully stated herein.

38. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 38 state otherwise, denied.

39. MBA denies the allegations in ¶ 39.

40. MBA denies the allegations in ¶ 40, including subparts (a) through (d).

## MBA'S AFFIRMATIVE DEFENSES

1. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error, including specific policies and procedures implemented to protect account information and prevent third-party disclosure.

2. MBA denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of MBA's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than MBA and were beyond the control or supervision of MBA or for whom MBA was and is not responsible or liable.

6. Plaintiff has failed to state a claim against MBA upon which relief may be granted.

WHEREFORE, Defendant, The Law Offices of Mitchell D. Bluhm & Associates, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2460
Facsimile: (877) 334-0661
mschuette@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendant,*
*The Law Offices of Mitchell D. Bluhm &*
*Associates, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of July 2021, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Jibrael S. Hindi, Esq.
Thomas J. Patti, III, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*/s/ Michael P. Schuette*
Attorney